# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLYDE MEANS,

        Plaintiff,

vs.

NEVADA DEPT OF CORRECTIONS, *et al.*,

        Defendants.

Case No. 3:10-cv-0076-LRH-RAM

**ORDER**

Before the Court is Defendants' Petition for Removal (Docket #1), which includes copies of the summonses, the complaint, and a civil cover sheet.

**I.    Removal of this Action was Proper**

Plaintiff, an inmate at Northern Nevada Correctional Center, filed a *pro se* civil rights complaint on December 22, 2009, in the Sixth Judicial District Court of the State of Nevada in the County of Pershing. Defendants James Benedetti, Julio Calderin, Richard Garcia, Don Helling, Leslie Clark, Howard Skolnik and the Nevada Department of Corrections were served with the summons and complaint on or about January 8, 2010. Defendants filed a Notice of Removal in this Court on February 8, 2010 (docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged a violation of his rights under the U.S. Constitution. Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claims raised in the complaint.

///

## II.    Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

2

955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Discussion**

Plaintiff sues the various defendants in their individual and official capacities and seeks injunctive relief and monetary damages. The complaint is based on the alleged denial of plaintiff's right to free religious expression. He makes claims under the First, Fourteenth, and Eighth Amendments.

**A.   Count One**

Plaintiff claims that despite having made the proper applications and requests to the proper prison authorities to have his religion added to the Nevada Department of Correction's approved list, he has met unreasonable delay. He alleges that since as early as October 30, 2008, he has been attempting to obtain the approval of various items, including prayer beads, to allow him his religious observances. He asserts his request to have his religion, Vedantu/Kashmir Shavism recognized by the prison officials has been pending since January 23, 2009 and that the defendants, Chaplin Garcia, Deputy Director Don Helling and the members of the Religious Review Team, Clark, Benedetti, and Garcia have failed to timely process the request and have not responded to his numerous requests for a decision.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first

3

establish the existence of a liberty interest for which the protection is sought. It has been determined that inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion. *O'Lone v. Estate of Hasbazz,* 482 U.S. 342, 348 (1987). When a prison regulation encroaches upon an inmates constitutional rights, the regulations must "reasonably related[] to legitimate penological interests." *Id.*; *see also Turner v. Safley,* 482 U.S. 28, 89 (1987). Here, the allegations of undue delay in reaching and advising plaintiff of a decision on his request to have his religion recognized in the prison states a claim for relief under the due process clause.

### B.  Count Two

Plaintiff also alleges these facts have violated his rights under the First Amendment which guarantees the right to free exercise of religion. Because it appears that plaintiff has attempted to conform to prison regulations regarding his religious practice and the defendants have failed or refused to respond in a reasonable manner, plaintiff has stated a claim under the First Amendment.

### C.  Count Three

Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he has been denied the free exercise of his religion for such an extended period of time.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.; Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

The facts alleged by plaintiff do not state a claim under the Eighth Amendment. The denial of religious exercise does not present a "substantial risk of serious harm" and have nothing to do with a

4

denial of food, shelter, medical care of other aspects of his physical existence in prison. Count three shall be dismissed with prejudice.

### D.   Defendants

Plaintiff has named the Nevada Department of Corrections and the Director of the Department, Howard Skolnik as defendants. Plaintiff has not stated any facts which demonstrate that the department of prisons, as an entity, is responsible for his alleged harm. Moreover, the department is not a "person" for purposes of this §1983 action.

The Eleventh Amendment bars Section 1983 suits against states -- and their agencies. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135, *cert. denied*, 522 U.S. 1148 (1998); *Lucas v. Department of Corrections*, 66 F.3d 245, 248-49 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that the Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

Neither has plaintiff stated sufficient facts to require Director Skolnik to appear and answer. Plaintiff has alleged that Skolnik "is responsible because it is his policy that the other defendants seem to be following. At the very least Skolnik is the person who heads NDOC." Complaint, p. 9.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that supervisory a defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to allege any facts against Skolnik for supervisorial liability and he will be dismissed.

///

**IV.  Conclusion**

Plaintiff's claim three and defendants the Nevada Department of Corrections and Director Howard Skolnick shall be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that count three and defendants Nevada Department of Corrections and Director Howard Skolnick are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** as follows:

1. defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

2. The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED this 7th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6

1
2  _____
   Name
3  _____
   Prison Number (if applicable)
4  _____
   Address
5  _____
6  _____
7
8              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
9
10
11  _____,  )   Case No. _____
              Plaintiff,              )
12  v.                                )   NOTICE OF INTENT TO
                                      )   PROCEED WITH MEDIATION
13  _____    )
                                      )
14  _____    )
              Defendants.             )
15  _____)

16      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

17

18

19  1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

20  2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

21       _____

22       _____

23       _____

24  3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

25

26       _____

27       _____

28                                    7

_____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).
_____

_____

_____

_____

This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document